## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN RUSSO, | : | CIVIL ACTION NO. 1:25-CV-1419 |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| KATHY HILEMAN, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case in which plaintiff alleges that defendants employed by the Adams County Adult Correctional Complex ("ACACC") violated his civil rights by subjecting him to excessively cold temperatures. As explained below, the case will be dismissed with prejudice pursuant to a screening review under 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

## I.    Factual Background & Procedural History

Plaintiff Jonathan Russo originally filed the claims in this case in another case before this court on March 15, 2025, and the court received and docketed his complaint in the original case on March 19, 2025. See Russo v. Hileman, No. 1:25-CV-503 (filed Mar. 19, 2025). On July 31, 2025, the court found that the claims in the original case were misjoined in violation of Federal Rule of Civil Procedure. See id., Docs. 10-11. To remedy this misjoinder, plaintiff's claims arising from the alleged use of excessive force by defendant Vandergrift were allowed to proceed under the original docket number, several other claims were dismissed without prejudice to Russo's right to file them in new lawsuits, and the instant case and two other claims

were severed into new cases. Id. In the interest of judicial economy, however, the court dismissed the claims in the severed cases on their merits, finding that they did not state a claim upon which relief could be granted. Id. With respect to the claims that have been severed into this case—which assert civil rights claims based on exposure to cold temperatures—the court concluded that Russo had not stated a claim for violation of his civil rights because he had not alleged sufficient facts to show that the cold temperatures were extreme or that they posed a risk of significant harm to him. Id. The court accordingly required Russo to file an amended complaint in the instant case and either pay the filing fee for the case or move for leave to proceed *in forma pauperis*. Id.

Russo timely filed an amended complaint and a motion for leave to proceed *in forma pauperis* in the instant case on August 26, 2025. (Docs. 4, 6). According to Russo's amended complaint, he was first admitted into ACACC on January 26, 2023, where he was placed in housing block 2-A. (Doc. 4 ¶ 1). Russo was given one smock, one blanket, and nothing else. (Id. ¶ 3). Russo, noticing that the air conditioner was on, asked an officer if it could be turned off and if he could be given an extra blanket, but his requests were denied. (Id. ¶¶ 4-5). The complaint alleges that inmates in "corner cells" on the block were given an extra blanket, but that other inmates were not. (Id. 6). After Russo was transferred to the prison's general population, he filed a grievance complaining about the cold conditions of the cell block he had been in. (Id. ¶¶ 7-8). His grievance was purportedly denied because he could not complain about the conditions of a housing block in which he was no longer housed. (Id. ¶ 9).

Russo was again placed in housing block 2-A approximately one year later, on January 30, 2024. (Id. ¶ 11). Russo filed another grievance about the cold temperatures in the housing block and requested that the air conditioning be turned off and the heat turned on. (Id. ¶¶ 11-12). Russo's grievance noted that most of the officers in the housing block generally wore coats and that another inmate had commented that Russo's cell felt "like an icebox." (Id. ¶¶ 13-14). The amended complaint asserts that the facility had a working heating system for the block but chose not to use it. (Id. ¶ 16). Russo's grievance requested that inmates in the housing block be given thermal clothing, sweatsuits, and extra blankets. (Id. ¶ 17). He also asked for permission to "survey" other inmates in the housing block about the cold temperatures. (Id. ¶ 19). Defendant Reisinger denied the grievance, allegedly noting that temperature checks were done by staff every 2-3 days and that running the heat in the housing block would be "fiscally irresponsible." (Id. ¶¶ 21-24). Reisinger also purportedly stated that the temperature in the housing block was climate controlled and that it was monitored "24/7." (Id. ¶ 25). Russo asserts that the air conditioning in his housing block was left on all winter. (Id. ¶ 27).

Russo filed another grievance about the cold water temperature in the unit's showers on October 16, 2023. (Id. ¶ 28). Correctional officer Wiggins allegedly confirmed on October 18, 2023, that there was no hot water in the showers. (Id. ¶ 31). Defendant Reisinger allegedly denied the grievance. (Id. ¶ 33). Russo allegedly "started to commit multiple self harm acts and attempts of suicide" based on his living conditions in the prison on an unspecified date. (Id. ¶ 35-36). Russo purportedly wrote a letter to defendant Hileman and correctional officer Pierce on

February 4, 2024, stating, "at this point death seems to be my only relief and way out of this every day torment and misery." (Id. ¶ 37). He was committed to an outside hospital for 45 days after writing this letter. (Id. ¶ 38).

The complaint asserts that the exposure to cold temperatures in the housing block constituted deliberate indifference to a risk of harm to Russo and negligence under Pennsylvania law. (Id. ¶ 39). Russo requests declaratory relief, injunctive relief, and damages.

## II.    **<u>Legal Standard</u>**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. <u>See</u> 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

to state a claim.'" Id. at 130 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).

Next, the factual and legal elements of a claim must be separated; well-pleaded facts

are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-

32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the

court isolates the well-pleaded factual allegations, it must determine whether they

are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing

Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads

facts "that allow[] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause

v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III.    Discussion**

Russo's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983.

Section 1983 creates a cause of action to redress constitutional wrongs committed

by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights,

but serves as a mechanism for vindicating rights otherwise protected by federal law.

Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199,

1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation

of a "right secured by the Constitution and the laws of the United States . . . by a

person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51

F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's after-the-fact review of a grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

Russo's civil rights claim sounds in deliberate indifference to a substantial risk of serious harm. Because he was a pretrial detainee at the relevant time, the claim proceeds under the Fourteenth Amendment rather than the Eighth Amendment. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). For purposes of deliberate indifference claims, however, the Fourteenth Amendment and Eighth Amendment standards are the same. Id. To state a deliberate indifference claim, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendants were deliberately indifferent to that risk; and (3) the defendants' deliberate indifference caused him harm. Williams v. Sec'y Pa. Dep't of Corrs., 117 F.4th 503, 514 n.58 (3d Cir. 2024).

Exposure to cold temperature may be the basis for a deliberate indifference claim when prison officials fail to take sufficient measures to ensure the prisoner's protection from the cold. See, e.g., Mamanna v. Fed. Bureau of Prisons, 934 F.3d

368, 373 (3d Cir. 2019) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 304 (1991)). The claim may only proceed, however, if the plaintiff alleges that the conditions were extreme or that the plaintiff suffered significant harm or was likely to suffer such significant harm. <u>See</u> <u>Bracey v. Sec'y Pa. Dep't of Corrs.</u>, 686 F. App'x 130, 136 (3d Cir. 2017); <u>Freeman v. Miller</u>, 615 F. App'x 72, 79 (3d Cir. 2015).

Russo's deliberate indifference claim will be dismissed. He has simply failed to cure any of the pleading defects that were identified in the court's prior opinion. Russo again alleges neither extreme conditions of confinement nor a likelihood of significant harm from the exposure to cold temperatures. Other than Russo's conclusory statements that it was very cold, he has not alleged any facts from which it could be inferred that the conditions were extreme, that he suffered significant harm, or that he was likely to suffer significant harm. To the extent Russo attempts to allege that the cold temperatures were the cause of his attempted suicide, this causal connection is entirely speculative. Moreover, it appears that prison officials responded appropriately to the attempted suicide by transferring him to an outside hospital. Thus, Russo's deliberate indifference claim will be dismissed.

The amended complaint also fails to state a negligence claim upon which relief may be granted. To state a negligence claim, a plaintiff must allege: (1) the defendant owed him a duty of care; (2) the defendant breached the duty; (3) the defendant's breach was a proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered actual loss or damage as a result. <u>Brewington v. *ex rel.* Brewington v. City of Philadelphia</u>, 199 A.3d 348, 355 (Pa. 2018). Here, Russo plainly fails to allege any actual loss or damage as a result of his exposure to cold temperatures.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips</u>, 515 F.3d at 245. The court will deny leave to amend as futile in the instant case. Russo has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

**IV.    <u>Conclusion</u>**

For the foregoing reasons, Russo's amended complaint is dismissed with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    August 29, 2025